UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WESLEY WADE RICHARDS, | ) | CASE NO. 5:05 CV 1798 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DUANE W. KALEY, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On June 9, 2005, plaintiff pro se Wesley Wade Richards filed this civil rights action against Portage County, Ohio Sheriff Duane Kaley, Portage County Jail Physician Dr. Battles, and the Portage County Jail "Nursing Staff" in the Portage County Court of Common Pleas. He contends that the defendants were deliberately indifferent to his serious medical needs. Sheriff Kaley removed the action to federal court on July 15, 2005 on the ground that the complaint asserts violation of the plaintiff's civil rights.

## Background

Mr. Richards is an inmate in the Portage County Justice Center. He indicates he suffers from Rheumatoid arthritis and submitted requests for medical treatment. He claims he was told by Dr.

Battles that he could not receive treatment until December because only one Rheumatologist is available in Portage County.  He further contends that his request to be sent out of the county for treatment was denied.  He was told he would have to make arrangements for the treatments available through the jail's medical department.  Mr. Richards asserts that the defendants' deliberate indifference to his serious medical needs have caused him to suffer physical and emotional pain.  He seeks $ 500,000.00 in compensatory and punitive damages.

*Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998).  To establish that  he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes.  Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).  The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement.  See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).  In the absence of such particularized averments concerning exhaustion, the action must be dismissed.  Id.

Furthermore, the United States Sixth Circuit Court of Appeals recently adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e.

See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, all of the claims in a complaint which are subject to the requirements of §1997e must be exhausted prior to filing the civil action, or the district court is required to dismiss the complaint in its entirety for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id.

There is no indication that Mr. Richards exhausted his administrative remedies for any of these claims. He indicates he has "copies of all requests for medical attention and grievances;" however, he does not indicate what grievance he filed, against whom it was filed, the result of the grievance, whether an appeal was available at the jail, and if so, whether he pursued the appeal. Absent these specific assertions concerning each of the grievances, or in the alternative, copies of the grievances, this action must be dismissed.

### Conclusion

Accordingly, the plaintiff's federal law claims are dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies that an appeal from this decision could not be taken in good faith.[1] To the extent that the plaintiff may also be asserting claims under Ohio tort law, this matter is remanded

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3

to the Portage County Court of Common Pleas.

IT IS SO ORDERED.

Dated: August 2, 2005                                      s/      James S. Gwin
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

4